## THOMAS CLARK *v.* LEVI A. EDGELL.

### *Book Account. Jurisdiction.*

Where the plaintiff's account was over one hundred dollars, but he and the defend-
ant had looked over the account, at the end of every week, and the balance was
carried on to the account of the next week, and so from week to week, until the
parties had a final settlement or looking over, and found the balance due plain-
tiff to be $97,00; the plaintiff called upon the defendant to pay this sum; he ne-
glecting to pay it, the plaintiff brought the present suit, insisting that the whole
account between himself and defendant was an open book account; upon this
state of facts *it was held,* that the settlement was not a merger of all the previous
dealings between the parties, and that the county court had jurisdiction of the
suit.

It was also *held,* that though assumpsit may lie upon an implied promise to pay
the balance found due; yet that does not preclude the general action of assump-
sit for goods sold and delivered, and the settlement might be used as evidence to
regulate the sum to be recovered.

BOOK ACCOUNT. Judgment to account was rendered in the
county court, and an auditor was appointed. It appeared from the
auditor's report, that the plaintiff was a shoemaker by trade, and
that he worked for the defendant by the piece or pair, and while
he so worked, as a general practice, he and the defendant were in
the habit of looking over their accounts at the end of each week,
and finding the balance; and such balance, whether in favor of the
plaintiff or defendant, was carried on to the account of the next
week; and that this was done from week to week, until the par-
ties had a final settlement, and the balance due the plaintiff was
found by the parties to be $97,00. That plaintiff called upon the
defendant for payment of the same; but defendant neglecting to
pay, the plaintiff brought the present suit. The account *was* kept
on the book of the plaintiff, and the defendant made the balances,
as above stated, in the presence of the plaintiff, but there was no
settlement signed by the parties, as such, upon the book. The plain-
tiff insisted that this account between himself and defendant was
an open book account, and so presented his account before the au-
ditor; and the account, so presented, exceeded one hundred dollars.

After the filing of the auditor's report, the defendant moved to
dismiss the cause for want of jurisdiction; claiming—1. That the
*debit* side of plaintiff's book at the commencement of the action,
did not exceed $100. 2. That the amount due to the plaintiff

Hill *v.* Hovey et al.

from the defendant, at the commencement of this suit, could not be recovered in an action on book account.

The county court, March Term, 1853,—PECK, J., presiding,—overruled the motion to dismiss, and rendered judgment for plaintiff, on the report.

Exceptions by defendant.

*Wires & Peck* for defendant.

*Underwood & Hard* for plaintiff.

The opinion of the court was delivered by

BENNETT, J. The only question in this case is one of jurisdiction. It is said that the settlement was a merger of all previous dealings; and in legal effect blotted them out. But we think it had no such effect. Though assumpsit may lie upon an implied promise to pay the balance found due; yet that does not preclude the general action of assumpsit for goods sold and delivered, and the settlement might be used as evidence to regulate the sum to be recovered.

Under the decisions in this state, it is evident the county court had original jurisdiction. The judgment below is affirmed with costs.